JOSEPH A. PEABODY *vs.* EASTERN METHODIST SOCIETY IN LYNN.
CHARLES F. TRASK *vs.* SAME.
CHARLES RICE & others *vs.* SAME.

The title to land which has been conveyed to unincorporated trustees of a society of the Methodist Episcopal Church and their successors in trust, for the use and benefit of the society, does not vest in new trustees who may be elected from time to time, but remains in the grantees named in the deed, or the survivor of them.

A mechanic's lien does not attach to a church erected under a contract with a society of the Methodist Episcopal Church upon land the legal title to which is vested in the survivor of a board of unincorporated trustees, in trust for the use and benefit of the society, unless the church was erected by the consent of such survivor; and such consent is not shown merely by proof that he lived within a quarter of a mile and in sight of the church, if he was upwards of ninety-seven years of age, and had not acted in the affairs of the society for many years.

A petition for the enforcement of a mechanic's lien cannot be maintained without joining as a party the legal owner of the building or structure upon which the lien is sought to be enforced.

HOAR, J. These are petitions to enforce a mechanic's lien. In the first case, the facts are agreed; and in the other two they appear upon the finding of the judge who tried the cause

as set forth in the bills of exceptions. They are so far identical that the reasons for the decision of the first are conclusive in favor of sustaining the exceptions in the others.

The work and materials for which the lien is claimed were furnished in the erection of a church for the use of the society named as respondent, in the place of one which had been destroyed by fire. The land upon which the former church stood, with the building upon it, was conveyed to Micajah Burrill and others, trustees, " to have and to hold to the said Micajah and others, and their successors in office, in special trust, that the said house shall always be secure to the Eastern Methodist Society in Lynn, and such ministers of the Methodist Episcopal Church as may from time to time be stationed among them to preach and expound the Word of God, to administer the ordinances and discipline of the church, and to hold their private religious meetings unmolested according to the rules and regulations which are or may hereafter be adopted by the General Conference of the Methodist Episcopal Church in the United States of America." These trustees were not a corporation, and but one of them was surviving when the new church was built in 1860. Since the new church was completed, the surviving trustee has conveyed his estate to a corporation known as the Trustees of St. Paul's Methodist Episcopal Church in Lynn. Neither said Burrill, nor the said corporation, is a party respondent in either of these suits.

It is manifest from these facts that the whole legal estate in the land and building vested in the grantees of the deed of 1812, and that the respondent society and the ministers of the Methodist church were the *cesiuis que trust.* The election of new trustees by the society, in conformity with the usages of their church, created no privity of estate between them and the trustees who took the land by the deed, and could have no effect in law to divest or change the title. Any permanent additions to the land made by the persons having the enjoyment of it and beneficial interest in its use, would attach to the freehold and become a part of the realty, in the absence of

any agreement that they should be owned separately from the land.

In the next place, we think it clear that only a legal interest or estate can be subject to a lien created under Gen. Sts. c. 150, § 1; except in the case of equities of redemption, and these are legal estates against every one but the mortgagees. The interest in the building, and of the owner of the building in the land, is to be sold under the order of court to satisfy the lien. Here, there was no ownership of the building distinct from that of the land; and the *cestuis que trust* had no right or power to create any charge upon the estate. To allow them to do so might be destructive of the trust.

It is contended on behalf of the petitioners that the evidence shows that the contract under which they claim was made with the consent of the owner of the land, and so is within the statute. The owner is not made a party to the suits, which in that case would be a fatal objection, as they now stand. But this objection might be obviated by making the owner a party. But if the owner were a party respondent, we think the evidence would be wholly insufficient to show that the contract was made with his consent. The fact that a man upward of ninety-seven years old, who had not acted in the affairs of the society for many years, lived within a quarter of a mile of the meeting-house and in sight of it, would not prove that he knew that the society was making any contract to create a charge upon the trust estate, much less that he consented to it.

The case may be one of hardship to the petitioners. But however liberally the court might be disposed to construe the statute, and however beneficent its intention, it cannot be so administered as wholly to dispense with the reasonable requirement that persons who desire to avail themselves of its provisions should take some care to inform themselves with whose estates they are dealing when they make their contracts.

Upon the agreed statement of facts, the respondents are entitled to judgment; and the ruling of the court in the other two cases, that the trustees chosen by the society were the successors of the original grantees of the land, and that the estate

vested in them, being erroneous, the exceptions taken are sus-
tained.

*T. B. Newhall,* for Peabody and Trask.

*E. W. Kimball,* for Rice and others.

*A. C. Clark,* for the respondents.